United States District Court
Southern District of Texas
**ENTERED**
November 03, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS  RICHARD, *et al*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 4:16-CV-2496 |
| | § | |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY, *et al*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This insurance case was removed from the 215th Judicial District Court,
Harris County, Texas.  The matter is before the Court on Plaintiffs Marcus Richard
and Shanta Richard's ("Plaintiffs") Motion to Remand (the "Motion") [Doc. # 6].
Defendants GeoVera Specialty Insurance Company ("GeoVera"), The Worley
Companies ("Worley"), Nomad Adjusting, LLC ("Nomad"), Christopher Ray Lee
("Lee"), and Darcy Day ("Day") (collectively, "Defendants") filed a Response
[Doc. # 7], to which Plaintiffs replied [Doc. # 8].[1]  After considering the parties'

---

[1]     Plaintiffs' state court petition ("Petition") also names Logic Underwriters, Inc.
("Logic"), Tod Falcomata ("Falcomata"), and Regina Eckhardt ("Eckhardt") as
defendants.  Exh. D to Notice of Removal, Petition [Doc. # 1-4].  However, these
three have not responded to the Petition and did not join the Notice of Removal.
The term "Defendants" refers to those who joined the Notice of Removal [Doc.
(continued…)

briefing, all matters of record, and the applicable legal authorities, the Court **grants** Plaintiffs' Motion.

## I.   <u>BACKGROUND</u>

Plaintiffs, citizens of the State of Texas, allege they are the policyholders of a homeowner's insurance policy ("Policy") issued by GeoVera.[2]   Plaintiffs allege in essence that, on or about July 27, 2015, there was a leak and overflow of water from the plumbing system within their home that caused significant damage to the walls, flooring, windows, and balcony of the home, as well as damage to Plaintiffs' personal belongings and contents of the home.[3]   Plaintiffs allege they submitted a claim under the Policy, and that all named Defendants mishandled the claim in various ways.   Plaintiffs claim, *inter alia*, that the adjusters "were inadequately and/or improperly trained and supervised, and failed to perform a thorough and reasonable investigation."[4]

Plaintiffs filed suit in the 215th Judicial District Court, Harris County,

---

(continued…)
# 1] and Response [Doc. # 7], namely, GeoVera, Worley, Nomad, Lee, and Day. The phrase "named Defendants" refers to all eight defendants identified in the Petition.

[2]   Exhibit D to Notice of Removal, Plaintiffs' Original Petition (the "Petition") [Doc. # 1-4], at 5.

[3]   *Id.*

[4]   *Id.* at 6.

Texas.  The Petition asserts only claims under Texas law.  Plaintiffs allege that Logic and Nomad are domestic "adjusting compan[ies]" engaged in the business of adjusting insurance claims in the State of Texas, and that Falcomata, Lee, and Day are individual adjusters in Texas.[5]

Defendants removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446.[6]  There is no dispute that Plaintiffs are Texas citizens, that GeoVera is a California corporation with its principal place of business in California, that Nomad is a Texas limited liability company, and that Defendants Falcomata, Lee and Day are Texas citizens.[7]  Defendants contend, nevertheless, that this Court has diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiffs improperly joined Nomad, Falcomata, Lee, and Day in this case.[8]  Plaintiffs contend that only claims against Lee and Day are relevant for purposes of Plaintiffs' Motion.[9]  The Court concludes that claims alleged against Lee are

---

[5]     Petition [Doc. # 1-4], at 4-5.

[6]     Notice of Removal [Doc. # 1], at 3.

[7]     *Id.*, at 3-4; Petition [Doc. # 1-4], at 2-3.  The other named Defendants are not citizens of Texas.  Notice of Removal [Doc. # 1], at 3-4; Petition [Doc. # 1-4], at 2-3.

[8]     Notice of Removal [Doc. # 1], at 4-5.

dispositive of jurisdiction, as explained hereafter.[10]

## II.   <u>LEGAL STANDARD FOR REMOVAL</u>

"Federal courts are courts of limited jurisdiction."   *Gunn v. Minton*, __ U.S. __, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Hotze v. Burwell*, 784 F.3d 984, 999 (5th Cir. 2015); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014).   "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."   *Gunn*, 133 S. Ct. at 1064 (quoting *Kokkonen*, 511 U.S. at 377).   Any state court civil action over which the federal courts would have original jurisdiction may be removed by the defendant to federal court.   *See* 28 U.S.C. § 1441(a); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 228 (5th Cir. 2013).

District courts have both federal question jurisdiction and diversity

---

[9]     (continued…)
*See* Plaintiffs' Reply to its Motion [Doc. # 8] ("Plaintiffs' Reply"), at 2.  Plaintiffs' earlier iterations of their arguments are deemed abandoned.

[10]    Defendants argue that Plaintiffs lack standing to sue Logic, *see* Notice of Removal [Doc. # 1], at 4, and that Nomad, Lee, Day, and Falcomata were fraudulently joined in this action.  *Id.* at 4-5.  According to Defendants, Nomad and Falcomata were not involved in the claim adjustment process giving rise to this lawsuit.  *See id.* at 5.  Defendants allege GeoVera retained Nomad to appraise Plaintiffs' property, and Nomad assigned Falcomata as the appraiser.  *Id.*  Defendants also state, upon information and belief, that Eckhardt, Logic, and Falcomata have not yet been served.  *Id.* at 2.  The Court, as explained hereafter, does not reach issues concerning named Defendants other than Lee.

jurisdiction.   Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. A district court also has diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States."   28 U.S.C. § 1332(a)(1).[11]   Diversity jurisdiction requires *complete* diversity—that is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *See, e.g., Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

The removing party bears the burden of establishing both the existence of federal subject-matter jurisdiction and that removal is otherwise proper.  *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

## III.   DISCUSSION

### A.    Improper Joinder Standards

"A defendant is improperly joined if the moving party establishes that (1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant

---

[11]    Plaintiffs do not dispute that the amount in controversy requirement is met in this case.  *Cf.* Petition [Doc. # 1-4], at 3 ("Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000.")

that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt.*, 818 F.3d at

199 (5th Cir. 2016) (emphasis in original) (citing *Smallwood v. Ill. Cent. R.R. Co.*,

385 F.3d. 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005));

*Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); *Kling Realty Co.*

*v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone*

*Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).   The Fifth Circuit repeatedly has

explained that a defendant seeking to defeat a motion to remand on the basis of

improper joinder must demonstrate "that there is no possibility of recovery by the

plaintiff against an in-state defendant, which stated differently means that there is

no reasonable basis for the district court to predict that the plaintiff might be able

to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

The party asserting improper joinder bears a heavy burden of persuasion.

*See, e.g.*, *Kling Realty*, 575 F.3d at 514.   "[A]ny doubt about the propriety of

removal must be resolved in favor of remand."   *Gasch v. Hartford Acc. & Indem.*

*Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).[12]   "In this inquiry the motive or

purpose of the joinder of in-state defendants is not relevant."   *Smallwood*, 385

---

[12]     There is some early authority that a defendant must prove its assertion of
fraudulent joinder by clear and convincing evidence. *See Grassi v. Ciba-Geigy,*
*Ltd.*, 894 F.2d 181, 186 (5th Cir. 1990); *Parks v. New York Times Co.*, 308 F.2d
474, 478 (5th Cir. 1962); Plaintiffs' Motion [Doc. # 6], at 3-4.  This standard has
not been widely adopted and the Court does not rely on it here.

F.3d. at 574. "Any contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999), *abrogated in part on other grounds by Smallwood*, 385 F.3d at 573); *accord B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

To determine whether an in-state defendant has been improperly joined, the Court usually "conduct[s] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.[13] The Fifth Circuit recently held that federal courts' determinations regarding improper joinder should be made on the basis of federal pleading standards, rather than state

---

[13]   Defendants contend that, in the context of improper joiner, the Court must "'pierce the pleadings' to determine whether a cause of action grounded in fact exists." Notice of Removal [Doc. # 1], at 5. Defendants are mistaken. Under certain circumstances, the Court may "pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. However, doing so "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74.

Here, Defendants have alleged that Plaintiffs misstated relevant facts, namely, the roles and relationships of Falcomata and Nomad with respect to Plaintiffs and Plaintiffs' claims. *See* Notice of Removal [Doc. # 1], at 5. Defendants submitted affidavits of Nomad and Falcomata in support of their arguments. *See* Declaration of Tod Falcomata on behalf of Nomad Adjusting [Doc. # 7-4]; Declaration of Timothy Molony on behalf of Nomad Adjusting [Doc. # 7-5]. The claims against Nomad and Falcomata are not material to the Court's jurisdiction analysis. The Court need not pierce the pleadings in order to resolve the issue of remand.

standards.  *Int'l Energy Ventures,* 800 F.3d at 202.  Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555.

### B.    Analysis

Defendants assert that Nomad, Falcomata, Lee, and Day (collectively, the "Texas adjusters") were improperly joined and their citizenship should be ignored because Plaintiffs have not alleged facts sufficient to state a legally viable claim against them under Texas state law.  With respect to the Texas adjusters, Plaintiffs assert causes of action for five violations of the Texas Insurance Code, TEX. INS. CODE § 541.001 *et seq.*[14]  Under Texas law, adjusters may be held liable in their

---

[14]    The Petition alleges that the Texas adjusters violated the following provisions of the Texas Insurance Code:

(1)    TEX. INS. CODE § 541.060(a)(1) - misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(continued…)

individual capacities for violations of the Texas Insurance Code.  *See* Tex. Ins. Code § 541.002(2) (defining "person" to include "adjuster"); *see also Gasch*, 491 F.3d at 282 ("an insurer's employee who "engage[s] in the business of insurance" is a "person" for purposes of Article 21.21[15] and thus may be held liable individually for a violation of that article.") (quoting *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998)).  Defendants argue, however, that Plaintiffs' factual allegations are "conclusory, unwarranted

---

(continued…)

(2)   TEX. INS. CODE § 541.060(a)(2)(A) - failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

(3)   TEX. INS. CODE § 541.060(a)(3) - failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)   TEX. INS. CODE § 541.060(a)(4) - failing within a reasonable time to (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder; and

(5)   TEX. INS. CODE § 541.060(a)(7) - refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

*See* Petition [Doc. # 1-4], at 14-16.  Plaintiffs also allege that the Texas adjusters committed fraud and conspired to commit fraud, but because there is a reasonable possibility that Plaintiffs could prevail with respect to one or more of the claims under the Texas Insurance Code, the Court need not assess the viability of the fraud claims.

[15]   Article 21.21 was the predecessor of Section 541.060 of the Texas Insurance Code.  *See* Act of May 22, 2003, 78th Leg., R.S., ch. 1274, § 26(a)(1), sec. 561.060, 2003 Tex. Gen. Laws 3611, 3662, 4138 (effective April 1, 2005).

9

deductions, and/or legal conclusions" that are "void of case-specific facts that would support a plausible entitlement to relief." *See* Response [Doc. # 7], at 7. Defendants assert Plaintiffs' Petition fails to state a plausible claim that grants Defendants fair notice of the claims against them. *Id.* at 6-7.

The Court conducts a Rule 12(b)(6)-type analysis. The Court is unpersuaded by Defendants' argument that the Petition's allegations are generic or lacking in factual particulars. Plaintiffs' allegations against Lee meet federal pleading standards, as required by *International Energy Ventures* and *Twombly* under Rule 12(b)(6). In paragraph 27 of the Petition, Plaintiffs describe Lee's alleged wrongful conduct with some particularity.[16] For example, Plaintiffs allege

---

[16]     *See* Petition [Doc. # 1-4], at 6. Plaintiffs allege in ¶ 27 that:

> Lee conducted a substandard inspection of Plaintiffs' [p]roperty during which [he] spent an insufficient amount of time inspecting the entire [p]roperty and failed to thoroughly inspect all of the damages to the interior of the [p]roperty. Lee's inadequate inspection is evidenced by his August 19, 2015 report, which failed to provide a fair and accurate assessment of Plaintiffs' damages actually included in his inspection including, but not limited to, the flooring. … Lee failed to acknowledge several of the extensive and obvious damages to balcony and Plaintiffs' contents within the home. Moreover the damages that Lee actually included in his report were grossly undervalued, in part because[ ] Lee underpriced the cost of materials required for necessary repairs and incorrectly applied material sales tax for certain items … [a]lthough Lee was aware of Plaintiffs' reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiffs' claim without conducting [a] thorough and reasonable inspection of Plaintiffs' damages. As a result of Defendant Lee's unreasonable investigation and inspection, Plaintiffs' claim was improperly adjusted and grossly underpaid."

that Lee conducted a "substandard inspection" because he spent "an insufficient amount of time" examining Plaintiffs' property, and failed to recognize damage to Plaintiffs' balcony and their belongings.  Plaintiffs also allege Lee undervalued damages to Plaintiffs' property in his August 19 report because, in part, Lee underpriced the cost of materials required for repairs and misapplied a "material sales tax" in performing his calculations.[17]  Plaintiffs' claims with respect to Lee include specific facts pertaining to Lee's alleged actions investigating the damage, preparing a report on which the corporate adjusters or Defendants relied, and the harm to Plaintiffs that flowed from the foregoing.  *See generally Sargent v. Safeco Ins. Co. of Ind.,* Civil Action No. H–10–4252, 2011 WL 819492, at *4 (S.D. Tex. March 2, 2011) (granting motion to remand because plaintiff's petition contained "actionable allegations specifically directed at [the adjuster]").  These and other factual allegations in the Petition are specific and independent of those asserted against Lee's co-defendants.

To the extent Defendants argue that Plaintiffs do not state a legally viable claim upon which relief may be granted, the argument fails under applicable standards for improper joinder.  The Court at this stage "do[es] not determine whether the plaintiff will actually or even probably prevail on the merits of the

---

[17]     *Id.*

claim, but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citing *Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42-43 (5th Cir. 1992)).   "[The] holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."   *Gray v. Beverly Enterprises–Mississippi, Inc.,* 390 F.3d 400, 412 (5th Cir. 2004); *see also Edwea, Inc. v. Allstate Ins. Co.*, No. H–102970, 2010 WL 5099607, at *2 (S.D. Tex. Dec. 8, 2010).

Defendants have not demonstrated "that there is no possibility of recovery by the plaintiff against [Lee,] an in-state defendant," or "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [Lee, the] in-state defendant." *Smallwood*, 385 F.3d at 573.  Specifically, Defendants have not established that there is no possibility of recovery based on Plaintiffs' allegations against Lee under § 541.060(a)(2)(A) of the Texas Insurance Code, *i.e.*, that he failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of  a claim with respect to which the insurer's liability has become reasonably clear.  *See, e.g., Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016) (granting motion to remand because plaintiff's allegations, including that adjuster

12

"failed to inspect the property and the damages, failed to request information, failed to fully investigate claim," sufficiently pleaded a claim under section 541.060(a)(2)(A)); *Manziel v. Seneca Ins. Co.*, Civil Action No. 3:15-CV-03786-M, 2016 WL 3745686, at *3 (N.D. Tex. July 13, 2016) (granting motion to remand because plaintiff's allegations, including that adjuster retained an inadequate engineer to assess damage, and that adjuster falsely represented there was no damage to plaintiff's property, sufficiently pleaded a claim under section 541.060(a)(2)(A)); *Roach v. Vehicle*, No. 3:15-CV-3228-G, 2016 WL 795967, at *6 (N.D. Tex. Feb. 29, 2016) (granting motion to remand because plaintiff's allegations, including that adjuster "conduct[ed] a substandard inspection" and "fail[ed] to include many" relevant damages in his report, sufficiently pleaded a claim under section 541.060(a)(2)(A)); *see also Shade Tree Apartments, LLC v. Great Lakes Reins. (UK) PLC*, No. A-15-CA-843-SS, 2015 WL 8516595, at *4–5 (W.D. Tex. Dec. 11, 2015); *Linron Prop., Ltd. v. Wausau Underwriters Ins. Co.*, No. 3:15-CV-293, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015).[18]

Though there is some disagreement regarding whether an individual adjuster

---

[18]    The *Roach* and *Shade Tree* courts applied the Texas pleading standard in conducting the improper joinder analysis.  The *Linron* court also applied the Texas pleading standard, but, noting that the Texas Courts of Appeals have interpreted the state standard as "essentially calling for a Rule 12(b)(6)-type of analysis," relied on Rule 12(b)(6) case law in its analysis.

13

may be held liable under section 541.060(a)(2)(A) or other sections of the Texas

Insurance Code,[19] the Fifth Circuit has concluded that "Texas law clearly

---

[19]     *Compare Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724
(N.D. Tex. 2014) (reasoning that adjusters are not liable under §§ 541.060(a)(1),
(a)(2) or (a)(7) because an adjuster "does not have settlement authority on behalf
of [the insurance company]" and his or her "sole role is to assess the damage");
*One Way Investments,* 2014 WL 6991277, at *4–5 (N.D. Tex. Dec. 11, 2014)
(same); *Montoya v. State Farm Mut. Auto. Ins. Co.*, Civil Case No. 16-00005
(RCL), 2016 WL 5942327, at *4 (W.D. Tex. Oct. 12, 2016) ("there is no liability
under Section 541.060(a)(2) absent the authority to settle."); *Lopez United Prop.
& Cas. Ins. Co.*, No. 3:16-cv-0089, 2016 WL 3671115, at *2 (S.D. Tex. July 11,
2016) (Hanks, J.) (concluding that §§ 541.060(a)(2)(A), 541.060(a)(3), and
541.060(a)(4) of the Texas Insurance Code were inapplicable to the facts of the
case before it, and expressing doubt that adjusters can be liable under those and
other sections of chapters 541 and 542 of the Texas Insurance Code) *with Roach,*
2016 WL 795967, at *5 (finding § 541.060(a)(2)(A) applies to individual adjusters
because adjusters are primarily responsible for investigating and evaluating
insurance claims and therefore "effectuate" settlements); *Shade Tree Apartments*,
2015 WL 8516595, at *6 (granting remand after "[co]nsidering the myriad other
district court cases finding claims for violations of § 541.060(a)(2)(A) exist under
circumstances similar to those alleged by Shade Tree … and considering the
federalism concerns favoring remand"); *Linron Prop.*, 2015 WL 3755071, at *4
(surveying the recent disagreements regarding adjuster liability under §
541.060(a)(2)(a), and noting that "[t]he fact that the statute uses the word
'effectuate' rather than a word that conveys finality (e.g., finalize), suggests that
its prohibition extends to all persons who play a role in bringing about a prompt,
fair, and equitable settlement of a claim. … [I]nsurance adjusters unquestionably
have the ability to affect or bring about the 'prompt, fair, and equitable settlement'
of claims, because it is upon their investigation that the insurance company's
settlement of a claim is generally based."); *Mehar Holdings, LLC*, 2016 WL
5957681, at *4 (discussing disagreement among district courts regarding the
applicability of § 541.060(a)(2)(A), and concluding that "given the federalism
concerns present where a federal court is called upon to interpret a state law for
the first time, this Court declines to usurp the authority of the Texas state courts").
*See also Richardson E. Baptist Church v. Phila. Indem. Ins. Co.*, 05-14-01491-
CV, 2016 WL 1242480, at *10 (Tex. App.---Dallas, Mar. 30, 2016 (unpub.) (pet.
for rev. filed July 18, 2016, 2016 WL 3950491, No.05-14-01491-CV) (affirming
summary judgment for adjuster on claims that adjuster violated chapters 541 and
                                                                 (continued…)

14

authorizes [the predecessor statute of the current Section 541.060 of the Texas Insurance Code, Article 21.21[20]] actions against insurance adjusters in their individual capacities" and that an adjuster "very well may be held individually liable for a violation of this section." *Gasch*, 491 F.3d at 282 (citing *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482 (Tex. 1998)). "In the context of a motion to remand, th[e] split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand because '[a]ny ambiguities are construed against removal and in favor of remand to state court.'" *Mehar Holdings, LLC*, 2016 WL 5957681, at *4 (quoting *Hood ex rel. Mississippi v. JO Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013)).

Because the Court concludes that Plaintiffs have pleaded sufficient facts in support of a possible claim against adjuster Lee, the Court need not consider whether there are sufficient facts to support claims against other Texas Defendants. *See Gray,* 390 F.3d at 412 ("[T]he existence of even a single valid cause of action against in-state [or non-diverse] defendants (despite the pleading of several

---

(continued…)
542 of the Texas Insurance Code because adjuster's alleged actions did not render him liable under chapter 541, and finding, as a matter of law, that chapter 542 applies only to insurers).

[20]     *See* note 15, *supra.*

unavailing claims) requires remand of the entire case to state court.").

## IV.   <u>CONCLUSION AND ORDER</u>

The presence of at least one potentially viable claim against non-diverse defendant Lee deprives the Court of subject matter jurisdiction and remand of this case to Texas state court is required.  It is therefore

**ORDERED** that Plaintiffs Marcus Richard and Shanta Richard's Motion to Remand [Doc. # 6] is **GRANTED**.  The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this 3<u>rd</u> day of **November, 2016**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

16